LEE v. FIERO.

Mortgages—Bill to Cancel—Incapacity of Mortgagor.
   A decree for defendant in a suit to set aside a mortgage for the alleged incapacity of the mortgagor was affirmed; there being evidence to show that the mortgagor understood the transaction in question, and that it resulted beneficially to his estate. ·

Appeal from Cass; Coolidge, J. Submitted April 21, 1899. Decided June 19, 1899.

Bill by James E. D. Lee, Almira Lee, and Sylvia True against Byron Fiero, executor of the last will and testament of David Lilly, deceased, and Charles Lee, to set aside a mortgage. From a decree for defendant Fiero, complainants appeal. Affirmed.

Complainant Almira is the widow, and her co-complainants and defendant Charles the children, of William Lee, deceased, who died intestate December 3, 1893, aged 71 years. He had occupied as a homestead the land (about 40 acres) covered by the mortgage here involved for about 45 years. This was school land, and until January or February, 1887, William Lee had not fully paid for it; there being due at that time $128. In 1885 William Lee executed a land contract to Charles for 2½ acres of this land. Charles took possession and erected buildings thereon. In January or February, 1887, Charles applied to Mr. Michael for the loan of $368, and offered, as security, to give a mortgage, to be made by his father, upon this 40 acres. Mr. Michael went to Lansing, paid $128, and obtained the patent to William Lee. William then executed to Mr. Michael, as executor of an estate, the mortgage in question, for $368, which was duly signed by his wife. At the same time Charles exe-

cuted to his father a mortgage on his land for $240, which was part of the $368 mortgage. Mr. Michael kept all the papers, and afterwards assigned the mortgage in dispute to defendant Fiero's testator. At the time these papers were executed, William Lee had had two strokes of paralysis, which incapacitated him from talking. The claim of the complainants is that William was incapacitated from executing this mortgage, and that its contents were not explained to him or to his wife at the time. James was a witness to the mortgage, and to the deed from William to his son Charles. The bill is filed to set aside this mortgage. Proofs were taken in open court. The court found that the mortgage was given as the result of a family arrangement, participated in by all except Mrs. True; that the mortgage by William was valid as to the $128; and that complainants were entitled to subrogation as to the mortgage from Charles.

*F. J. Atwell*, for complainants.

*Coy W. Hendryx* and *Howell & Carr*, for defendant Fiero.

GRANT, C. J. (*after stating the facts*). We think the decree and finding of the court are fully justified by the evidence. Mr. Michael acted in good faith, and William Lee and his wife and children were benefited to the extent of $128 paid by him to perfect the title. The mortgage from Charles was taken to protect William for money loaned Charles. While there is evidence to show the incompetency of William, there is also evidence to show that he understood the transaction, which resulted in securing title to his homestead. The decree was just and equitable, and is affirmed, with costs.

The other Justices concurred.